# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
JUANA CALZADO,

                Plaintiff,

   -against-

NATIONAL RAILROAD PASSENGER CORPORATION
d/b/a AMTRAK,

                Defendants.
----------------------------------------X

Index No.:
Date Filed:
Plaintiff designates
**NEW YORK COUNTY** as the
place of trial

The basis of venue
is the situs of the
accident

**SUMMONS**

Plaintiff resides at

1057 Anderson Ave.
Bronx, NY 10452

To the above-named Defendant(s)

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's attorney(s) within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
      July 25, 2022

Defendant' Address:
National Railroad Passenger Corporation
d/b/a Amtrak
60 Massachusetts Avenue, NE
Washington, DC 20002

FEINSTEIN & FEINSTEIN, ESQS.
Attorneys for Plaintiff
By: *Charles Feinstein*
CHARLES FEINSTEIN, ESQ.
61 Broadway, Suite 2820
New York, New York 10006
(212) 363-3000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
JUANA CALZADO,

                Plaintiff,

  -against-                          **VERIFIED COMPLAINT**

NATIONAL RAILROAD PASSENGER CORPORATION
d/b/a AMTRAK,

                Defendant(s).
----------------------------------------X

       Plaintiff, by her attorneys, FEINSTEIN & FEINSTEIN, ESQS. as and for her verified Complaint herein, respectfully sets forth and alleges the following:

**AS AND FOR A FIRST CAUSE OF ACTION:**

      1.      That at all times hereinafter mentioned, the defendant, NATIONAL RAILROAD PASSENGER CORPORATION (hereinafter referred to as "AMTRAK"), was and still is a corporation duly organized and existing under and by virtue of the laws of the United States of America.

      2.      That at all times hereinafter mentioned, the defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK (hereinafter referred to as "AMTRAK"), is a corporation duly organized and existing under and by virtue of the laws of the District of Columbia, with its principal place of business in the District of Columbia, but regularly conducts business activities and affairs in the County, City and State of New York.

1

FILED: NEW YORK COUNTY CLERK 07/26/2022 12:00 AM
Case 1:22-cv-07490-JMF  Document 2-1  Filed 09/01/22  Page 4 of 20
NYSCEF DOC. NO. 1

INDEX NO. 156170/2022
RECEIVED NYSCEF: 07/26/2022

3. That at all times hereinafter mentioned, the defendant, NATIONAL RAILROAD PASSENGER CORPORATION, was doing business under the name AMTRAK.

4. That at all times hereinafter mentioned, the defendant, AMTRAK, was doing business in the County, City and State of New York.

5. That at all times hereinafter mentioned, the defendant, AMTRAK, was engaged as a carrier in interstate commerce and was duly organized to operate and do business in the State of New York.

6. That at all times hereinafter mentioned, the defendant, AMTRAK, maintained a principal office in the County, City and State of New York.

7. That at all times hereinafter mentioned, defendant, AMTRAK, has carried out, and continues to carry out substantial, continuous and systematic activities in the State of New York, and has purposely established significant contacts within the State of New York.

8. That at all times hereinafter mentioned, defendant, AMTRAK, transacted business in the County, City and State of New York.

9. That at all times hereinafter mentioned, defendant, AMTRAK, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

10. That at all times hereinafter mentioned, defendant, AMTRAK, expected or should reasonably expect its acts

2

to have consequences in the State of New York.

11. That at all times hereinafter mentioned, defendant, AMTRAK, derived substantial revenue from interstate and international commerce.

12. That at all times hereinafter mentioned, the injuries and damages alleged in this complaint arise out of, and are related to, defendant, AMTRAK's, contacts and activities in the State of New York.

13. That at all times hereinafter mentioned, defendant, AMTRAK, was acting by and through its agents, servants, employees, assigns and/or staff, all of whom were acting within the course and scope of their employment, for and on behalf of defendant, AMTRAK.

14. That at all times hereinafter mentioned, the defendant, AMTRAK, was the owner of the premises, railroad terminal and station known as Penn Station, 8th Avenue and 32nd Street, New York, New York.

15. That at all times hereinafter mentioned, the defendant, AMTRAK, was the owner of the premises, railroad terminal and station known as Penn Station, 8th Avenue and 32nd Street, in the County, City and State of New York.

15(a). That at all times hereinafter mentioned, the defendant, AMTRAK, was the owner of the premises, railroad terminal and station known as Penn Station, in the County, City and State of New York.

16. That at all times hereinafter mentioned, the defendant, AMTRAK, its agents, servants and/or employees,

3

operated the premises, railroad terminal, and station known as Penn Station, New York, New York, including the tracks and platforms therein.

17. That at all times hereinafter mentioned, the defendant, AMTRAK, its agents, servants and/or employees, managed the premises, railroad terminal, and station known as Penn Station, New York, New York, including the tracks and platforms therein.

18. That at all times hereinafter mentioned, the defendant, AMTRAK, its agents, servants and/or employees, maintained the premises, railroad terminal, and station known as Penn Station, New York, New York, including the tracks and platforms therein.

19. That at all times hereinafter mentioned, the defendant, AMTRAK, its agents, servants and/or employees, controlled the premises, railroad terminal, and station known as Penn Station, New York, New York, including the tracks and platforms therein.

20. That at all times hereinafter mentioned, the defendant, AMTRAK, its agents, servants and/or employees, supervised the premises, railroad terminal, and station known as Penn Station, New York, New York, including the tracks and platforms therein.

21. That at all times hereinafter mentioned, the defendant, AMTRAK, its agents, servants and/or employees, operated the passenger trains going into and out of the railroad terminal and station known as Penn Station, 8th Avenue and 32nd

4

Street, in the County, City and State of New York.

22. That at all times hereinafter mentioned, the defendant, AMTRAK, its agents, servants and/or employees, maintained the passenger trains going into and out of the railroad terminal and station known as Penn Station, 8th Avenue and 32nd Street, in the County, City and State of New York.

23. That at all times hereinafter mentioned, the defendant, AMTRAK, its agents, servants and/or employees, managed the passenger trains going into and out of the railroad terminal and station known as Penn Station, 8th Avenue and 32nd Street, in the County, City and State of New York.

24. That at all times hereinafter mentioned, the defendant, AMTRAK, its agents, servants and/or employees, controlled the passenger trains going into and out of the railroad terminal and station known as Penn Station, 8th Avenue and 32nd Street, in the County, City and State of New York.

25. That at all times hereinafter mentioned, the defendant AMTRAK, its agents, servants and/or employees, supervised the passenger trains going into and out of the railroad terminal and station known as Penn Station, 8th Avenue and 32nd Street, in the County, City and State of New York.

26. That at all times hereinafter mentioned, the defendant, AMTRAK, owned a certain train.

27. That at all times hereinafter mentioned, on the 30th day of July, 2019, the defendant, AMTRAK, owned a certain train that departed the Rocky Mount Station, located in Rocky Mount, North Carolina and was going into the railroad terminal and

5

station known as Penn Station, 8th Avenue and 32nd Street, in the County, City and State of New York.

28. That at all times hereinafter mentioned, on the 30th day of July, 2019, the defendant, AMTRAK, its agents, servants and/or employees operated a certain train that departed the Rocky Mount Station, located in Rocky Mount, North Carolina and was going into the railroad terminal and station known as Penn Station, 8th Avenue and 32nd Street, in the County, City and State of New York.

29. That at all times hereinafter mentioned, on the 30th day of July, 2019, the defendant, AMTRAK, its agents, servants and/or employees, controlled a certain train that departed the Rocky Mount Station, located in Rocky Mount, North Carolina and was going into the railroad terminal and station known as Penn Station, 8th Avenue and 32nd Street, in the County, City and State of New York.

30. That at all times hereinafter mentioned, on the 30th day of July, 2019, the defendant, AMTRAK, its agents, servants and/or employees, maintained a certain train that departed the Rocky Mount Station, located in Rocky Mount, North Carolina and was going into the railroad terminal and station known as Penn Station, 8th Avenue and 32nd Street, in the County, City and State of New York.

31. That at all times hereinafter mentioned, on the 30th day of July, 2019, the defendant, AMTRAK, its agents, servants and/or employees, managed a certain train that departed the Rocky Mount Station, located in Rocky Mount, North Carolina

and was going into the railroad terminal and station known as Penn Station, 8th Avenue and 32nd Street, in the County, City and State of New York.

32. That at all times hereinafter mentioned, on the 30th day of July, 2019, the defendant, AMTRAK, its agents, servants and/or employees, supervised a certain train that departed the Rocky Mount Station, located in Rocky Mount, North Carolina and was going into the railroad terminal and station known as Penn Station, 8th Avenue and 32nd Street, in the County, City and State of New York.

33. That at all times hereinafter mentioned, the defendant, AMTRAK, its agents, servants and/or employees, on the 30th day of July, 2019, the defendant, AMTRAK, its agents, servants and/or employees, maintained a certain train that departed the Rocky Mount Station, located in Rocky Mount, North Carolina and was going into the railroad terminal and station known as Penn Station, 8th Avenue and 32nd Street, in the County, City and State of New York.

34. That at all times hereinafter mentioned the plaintiff JUANA CALZADO was a lawful, fare-paying passenger aboard a certain defendant AMTRAK train.

35. That at all times hereinafter mentioned, the the plaintiff JUANA CALZADO was a lawful, fare-paying passenger aboard a certain defendant AMTRAK train, going from the Rocky Mount station, Rocky Mount, North Carolina to New York Penn Station.

36. That at all times hereinafter mentioned, on or about the 30th day of July, 2019, the plaintiff JUANA CALZADO was a lawful, fare-paying passenger aboard a certain defendant, AMTRAK, train, going from Rocky Mount station, Rocky Mount, North Carolina to New York Penn Station.

37. That on the 30th day of July, 2019, the plaintiff JUANA CALZADO was a passenger aboard a certain defendant, AMTRAK, train while being operated from the Rocky Mount station, Rocky Mount, North Carolina to New York Penn Station.

38. As a common carrier, the defendant, AMTRAK, owed its passengers a duty to operate its said trains in a reasonably safe and suitable manner.

39. As a common carrier, the defendant, AMTRAK, owed its passengers a duty to operate its said trains in a reasonably safe and suitable manner while going into and out of the railroad terminal and station.

40. As a common carrier, the defendant, AMTRAK, owed its passengers a duty to operate its said trains in a reasonably safe and suitable manner while going into and out of the railroad terminal and station, particularly the railroad terminal and station at the New York Penn Station.

41. That at all times hereinafter mentioned, the defendant, AMTRAK, was under a duty to maintain the premises, railroad terminal and station known as Penn Station, New York, New York, in a reasonably safe condition for use by passengers

8

traveling by train and the general public.

42. That on the 30th day of July, 2019, the plaintiff JUANA CALZADO was caused to be injured while she was a lawful passenger aboard said defendant, AMTRAK, train.

43. That on the 30th day of July, 2019, the plaintiff JUANA CALZADO was caused to be injured while she was a lawful passenger aboard said defendant, AMTRAK, train while being operated from the Rocky Mount station, Rocky Mount, North Carolina and going into the railroad terminal and station at the New York Penn Station.

44. That on the 30th day of July, 2019, the plaintiff JUANA CALZADO was caused to be injured while she was a lawful passenger aboard said defendant, AMTRAK, train while said train was going into the railroad terminal and station at the New York Penn Station.

45. That on the 30th day of July, 2019, the said defendant, AMTRAK, train was being operated in a careless, negligent, reckless and improper manner.

46. That on the 30th day of July, 2019, the said defendant, AMTRAK, train was being operated in a careless, negligent, reckless and improper manner while being operated from the Rocky Mount station, Rocky Mount, North Carolina and going into the railroad terminal and station at the New York Penn Station.

47. That on the 30th day of July, 2019, the said defendant, AMTRAK, train was being operated in a careless, negligent, reckless and improper manner while going into the

9

railroad terminal and station at the New York Penn Station.

48. That on the 30th day of July, 2019, the said defendant, AMTRAK, train while going into the New York Penn Station was being operated in a careless, negligent, reckless and improper manner.

49. That on the 30th day of July, 2019, while the plaintiff JUANA CALZADO was aboard the said defendant, AMTRAK, train, the said train while going into the New York Penn Station was being operated in a careless, negligent, reckless and improper manner.

50. That on the 30th day of July, 2019, the said defendant, AMTRAK, train made a sudden, abrupt, unexpected and violent stop, jerked and/or lurched while going into the railroad terminal and station at the New York Penn Station.

51. That on the 30th day of July, 2019, the said defendant, AMTRAK, train made a sudden, abrupt, unexpected and violent stop, jerked and/or lurched while in the railroad terminal and station at the New York Penn Station.

52. That on the 30th day of July, 2019, the said defendant, AMTRAK, train made a sudden, abrupt, unexpected and violent stop, jerked and/or lurched at and/or in the New York Penn Station.

53. That on the 30th day of July, 2019, while the plaintiff JUANA CALZADO was aboard the said defendant, AMTRAK, train, the said defendant, AMTRAK, train made a sudden, abrupt, unexpected and violent stop, jerked, and/or lurched while going

10

into the railroad terminal and station at the New York Penn Station.

54. That on the 30th day of July, 2019, while the plaintiff JUANA CALZADO was aboard the said defendant, AMTRAK, train, the said defendant, AMTRAK, train made a sudden, abrupt, unexpected and violent stop, jerked, and/or lurched while in the railroad terminal and station at the New York Penn Station.

55. That on the 30th day of July, 2019, while the plaintiff JUANA CALZADO was aboard the said defendant, AMTRAK, train, the said defendant, AMTRAK, train made a sudden, abrupt, unexpected and violent stop, jerked, and/or lurched at the New York Penn Station.

56. That by reason of the foregoing, the plaintiff JUANA CALZADO was injured.

57. That as a result of the aforesaid occurrence, the plaintiff JUANA CALZADO sustained severe, serious and permanent personal injuries.

58. That the foregoing accident and the resulting injuries to the plaintiff JUANA CALZADO was caused solely by reason of the carelessness and negligence on the part of the defendants, their agents, servants and/or employees, and without any negligence on the part of the plaintiff contributing thereto and in violating the doctrine of res ipsa loquitor.

59. That the aforesaid occurrence and resultant injuries to the plaintiff JUANA CALZADO were caused wholly by reason of the carelessness, recklessness and negligence of the

11

defendants, its officers, agents, servants and/or employees.

60. That by reason of the foregoing, this plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and/or in the future will necessarily suffer additional loss of time and earnings from her employment; and plaintiff will be unable to pursue her duties with the same degree of efficiency as prior to this accident, all to the plaintiff's great damage.

61. That this action falls within one or more of the exceptions set forth in C.P.L.R. 1602.

62. Pursuant to CPLR Section 1602 (2) (iv), defendants are jointly and severally liable for all of plaintiff' damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants owed the plaintiff a non-delegable duty of care.

63. Pursuant to CPLR Section 1602 (7), defendants are jointly and severally liable for all of plaintiff' damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason

12

of the fact that defendants acted with reckless and wanton disregard of the safety of others.

64. Pursuant to CPLR Section 1602 (2)(iv), defendants are jointly and severally liable for all of plaintiff' damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants are vicariously liable for the negligent acts and omissions of others who caused or contributed to the plaintiff's damages.

65. Pursuant to CPLR Section 1602 (2)(11), defendants are jointly and severally liable for all of plaintiff' damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of plaintiff's injuries.

66. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION:

67. That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First Cause of Action of the within Complaint with the same force and

13

effect as though each were more fully set forth at length herein.

68. That at all times herein mentioned, it was the duty of the defendant, AMTRAK, its agents, servants and/or employees to supervise and entrust the use of its said train and/or car of said train to suitable, competent, qualified, experienced, trained, diligent and adequate persons.

69. That at all times herein mentioned, it was the duty of the defendant, AMTRAK, its agents, servants and/or employees to properly and adequately supervise and ensure that its said train and/or car of said train was entrusted, for use and operation, to persons, who were fit, suitable, properly trained and instructed.

70. That at all times hereinafter mentioned, it was the duty of the said defendant, AMTRAK, its agents, servants and/or employees to ensure that said train and/or car of said train for use and operation, to a person who constituted a potential menace, hazard or danger to the public or otherwise, those with unsuitable propensities or with emotional, physical, psychological and/or physiological traits or characteristics or unsuitable or unstable or contraindicated to safely operate such vehicle.

71. That at by reason of the negligence of the said defendant, AMTRAK, its agents, servants and/or employees in negligently supervising and entrusting said train and/or car of said train to an agent, servant, employee and/or motorman of defendant, AMTRAK, the plaintiff was caused to suffer severe injuries and damage, without fault or want of care on the part of

14

the plaintiff in any way contributing thereto, thereby causing plaintiff extreme physical, mental and emotional illness and distress, as well as severe physical, mental and emotional injuries which are permanent in nature and duration.

72. That by reason of the foregoing, plaintiff(s) demand(s) judgment against the defendants, herein on the Second Cause of Action in a sum exceeding the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

WHEREFORE, Plaintiff demands judgment against the defendants on all Causes of Actions set forth herein in amounts which exceed the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in amounts to be determined upon the trial of this action, together with costs and disbursements of this action, and with interest from the date of this accident.

Dated: New York, New York
       July 25, 2022

                                Yours, etc.,

                                FEINSTEIN & FEINSTEIN, ESQS.
                                Attorneys for Plaintiff **CALZADO**

                        BY:     *[signature: Charles Feinstein]*
                                CHARLES FEINSTEIN, ESQ.
                                61 Broadway, Suite 2820
                                New York, New York 10006
                                (212) 363-3000

15

## ATTORNEY'S VERIFICATION BY AFFIRMATION

I, CHARLES FEINSTEIN, ESQ., am an attorney duly admitted to practice in the courts of New York State, and say that: I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff(s), I have read the annexed **COMPLAINT,** know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: Reports, records, memoranda, facts, investigations and pertinent data given to your affirmant and maintained in a file in his office.

The reason I make this affirmation instead of plaintiff is because plaintiff is not within the County where your affirmant maintains his office.

Dated: NEW YORK, NEW YORK
July 25, 2022

*[signature]*
**CHARLES FEINSTEIN, ESQ.**

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------X
JUANA CALZADO,

                          Plaintiff,

     -against-

NATIONAL RAILROAD PASSENGER CORPORATION
d/b/a AMTRAK,

                          Defendant(s).
-------------------------------------X
```

### ATTORNEY CERTIFICATION PURSUANT TO 22 NYCRR 130-1.1a

      Pursuant to 22 NYCRR 130-1.1a, the undersigned, CHARLES FEINSTEIN, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York, certifies that, upon information and belief, and after reasonable inquiry, (1) the contentions contained in the annexed document(s) are not frivolous and that (2) if the annexed document(s) is an initial pleading, *(i)* the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated:    New York, New York
            July 25, 2022

                                                  */s/ Charles Feinstein*
                                                  CHARLES FEINSTEIN, ESQ.

*Index No.*            *Year 20*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

JUANA CALZADO,

                     Plaintiff,

-against-

NATIONAL RAILROAD PASSENGER CORPORATION d//b/a AMTRAK,

                     Defendants

---

**SUMMONS AND VERIFIED COMPLAINT**

---

**FEINSTEIN & FEINSTEIN**

*Attorneys for*     Plaintiff - *CALZADO*

61 BROADWAY
NEW YORK, NEW YORK 10006
(212) 363-3000

---

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* ....................................     Signature ..........................................................................................

                                           Print Signer's Name..........................................................................

---

*Service of a copy of the within*                                                   *is hereby admitted.*

*Dated:*

                                                           *Attorney(s) for*

---

*PLEASE TAKE NOTICE*

☐ **NOTICE OF ENTRY**
*that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within-named Court on*            20

☐ **NOTICE OF SETTLEMENT**
*that an Order of which the within is a true copy will be presented for settlement to the Hon.*            *, one of the judges of the within-named Court,*
*at*
*on*          20       *, at*       *M.*

*Dated:*

                                                                                                **FEINSTEIN & FEINSTEIN**
                                                                    *Attorneys for*

                                                                           61 BROADWAY
*To:*                                                                     NEW YORK, NEW YORK 10006
                                   19 of 19                                       (212) 363-3000